# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY S. KOCH, | CV F 07-00643 DLB HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DIRECTING CLERK OF COURT TO DISMISS PETITION, WITHOUT PREJUDICE |
| v. | |
| JAMES TILTON, | [Doc. 10] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

BACKGROUND

Petitioner was convicted in the District Court of Johnson County, Kansas, in case number 03 CR 1880, of attempted first degree murder and robbery. He was sentenced to 168 months. (Petition, at pp. 1, 45.)

Petitioner filed the instant federal petition for writ of habeas corpus on April 27, 2007, alleging that his speedy trial rights were violated in the District Court of Johnson County, Kansas, case number 03 CR 1880 because 1) the California Department of Corrections and Rehabilitation (CDCR) delayed his right to request disposition of his Johnson County, Kansas charges by failing to timely provide him with form CDC 1664 which allowed him to request disposition within 180 days and 2) that once Petitioner did complete CDC 1664 invoking his

right to be tried within 180 days, CDCR again delayed processing him under the interstate agreement on detainers.  It appears that Petitioner is requesting that this Court vacate his Kansas conviction based on the alleged delay by CDCR in processing his interstate agreement on detainers.  (*See* Petition.)

Respondent filed the instant motion to dismiss on August 1, 2007, and Petitioner filed an opposition on August 13, 2007.  (Court Docs. 10, 13.)

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on this Court's lack of jurisdiction and improper venue.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Jurisdiction

Respondent argues that this Court should dismiss the instant petition because Petitioner's direct appeal is still pending. (Lodged Doc. No. 1.)  Respondent's argument is persuasive.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under

special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). Even if the federal issue is not involved in the state appeal, the appeal could result in reversal on a different ground, thereby mooting the federal proceedings. Therefore, with the exception of pretrial double jeopardy and speedy trial claims, or claims of delay in the appeal itself, a pending state appeal makes federal proceedings premature. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); Stanley v. California Supreme Court, 21 F.3d 359 (9th Cir. 1994); Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964); Woods v. Gilmore, 26 F.Supp.2d 1093, 1095 (C.D. Ill. 1998).

      In the instant case, all three requirements of abstention are satisfied, making the instant petition premature. First, Petitioner's direct appeal is still pending. Second, Kansas has an important interest in passing upon and correcting a violation of a defendant's rights. Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2002) (citing Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003)). Third, the Kansas Appellate Courts are adequate forums for Petitioner to pursue his claims. Roberts, 296 F.Supp.2d at 1185 (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (a federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary")). Because the three requirements under Younger are satisfied, this Court must abstain unless extraordinary circumstances exists. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 n.22 (1976) (Younger absention is not discretionary if the conditions are met). Petitioner has made no showing of extraordinary circumstances indicating that he will suffer irreparable harm if the Court abstains until after state post-conviction review is complete. Accordingly, the instant petition must be dismissed, without prejudice.

C.    <u>Proper Venue</u>

      Alternatively, even if the instant petition was not subject to dismissal on jurisdictional grounds, dismissal is nonetheless appropriate based on improper venue. Although this Court

currently has jurisdiction over Petitioner as he presently resides in this Court's jurisdiction, the issue remains whether this Court is the proper forum for Petitioner's claim. Generally speaking, apart from the issue of venue and naming a proper custodian as respondent, an application for writ of habeas corpus by a person in custody under the judgment and sentence of a state court must be filed "in the district court for the district wherein such person is in custody or in the district court for the district within which the state court was held which convicted and sentenced him." In the instant petition, Petitioner is not challenging the legality of his present confinement in California; rather, he is challenging the detainer lodged against him by Kansas authorities. Therefore, because Petitioner seeks to invalidate the detainer lodged by the State of Kansas, the most appropriate forum is the district court located in the State of Kansas, which lodged the detainer. See Meadows v. New York, 426 F.2d 1176, 1182-1183 (2d Cir. 1970) (best court to consider challenge to interstate detainer is the district court for the state which lodged the detainer); Noonan v. Smith, 375 F.Supp. 925, 926 (W.D.N.Y. 1974) (same).

As Respondent submits, Petitioner previously raised the same claim in two motions to dismiss which were filed prior to his trial and during his trial in the District Court of Johnson County, Kansas. The Court denied both motions. (Lodged Docs. 2-3.) Accordingly, it is the United States District Court, District of Kansas where the material events took place (imposition of detainer), that all pertinent records are currently located, and the place where all critical witnesses currently reside with respect to the conviction he challenges. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494 (1972); Bell v. Watkins, 692 F.2d 999, 1013 (5th Cir. 1982); Laue v. Nelson, 279 F.Supp. 265 (N.D. Cal. 1968). As previously stated, although Petitioner currently resides in this Court's jurisdiction, a petition for writ of habeas corpus can generally be resolved without requiring the presence of the petitioner before the court to adjudicate the claim. 28 U.S.C. § 2243; United States v. Hayman, 342 U.S. 205, 222-223 (1952); Walker v. Johnson, 312 U.S. 275, 284 (1941). However, even if Petitioner's presence is required, the expense in his transportation to the District Court of Kansas, is likely outweighed by the difficulties of transporting records and witnesses from Kansas to the United States District Court for the Eastern District of California. Braden, 410 U.S. at 494.

<u>ORDER</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss the petition for lack of jurisdiction and improper venue is GRANTED; and

2. The instant petition for writ of habeas corpus is DISMISSED, without prejudice, to filing a proper petition at the appropriate time and in the proper venue.

IT IS SO ORDERED.

Dated:   **October 22, 2007**              /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE